[Cite as *State v. Hunter*, 2015-Ohio-3498.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 15-CA-18 |
| | : | |
| ROBERT C. HUNTER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
                             Common Pleas, Case No. 14 CR 00673



JUDGMENT:                    REVERSED, SENTENCE VACATED,
                              AND REMANDED



DATE OF JUDGMENT ENTRY:      August 26, 2015



APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

KENNETH W. OSWALT                       ASHLEY E. LOYKE
LICKING CO. PROSECUTOR                  REESE, PYLE, DRAKE, et al.
CHRISTOPHER A. REAMER                   36 N. Second St.
20 S. Second St., Fourth Floor          P.O. Box 919
Newark, OH 43055                        Newark, OH 43058-0919

*Delaney, J.*

{¶1} Appellant Robert C. Hunter appeals from the March 5, 2015 Judgment of Conviction of the Licking County Court of Common Pleas. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal.

{¶3} Appellant was charged by indictment with one count of aggravated drug possession (methamphetamine) pursuant to R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree [Count I]. Appellant was also charged by bill of indictment with unauthorized use of a motor vehicle pursuant to R.C. 2913.03(B), a felony of the fifth degree [Count II]; aggravated drug possession (methamphetamine) pursuant to R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree [Count III]; and one count of aggravated drug possession (methamphetamine) pursuant to R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree [Count IV].

{¶4} Appellant entered negotiated pleas of guilty and first appeared before the trial court for sentencing on February 3, 2015. Sentencing was deferred because the trial court was not convinced appellant was fully apprised of the charges against him or the potential penalties thereof.

{¶5} Appellant came before the trial court again on March 5, 2015. Appellee and appellant presented the trial court with a joint recommendation of an aggregate prison term of 18 months. The trial court declined to follow the joint recommendation and sentenced appellant to four consecutive terms of 9 months each, or an aggregate term of 36 months.

{¶6} Appellant now appeals from the judgment entry of his conviction and sentence.

{¶7} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶8} "I. IT WAS ERROR TO SENTENCE MR. HUNTER, A NONVIOLENT DRUG OFFENDER WHO WAS INITIALLY ELIGIBLE FOR EIGHTEEN MONTHS IN PRISON ON JOINT RECOMMENDATION OF BOTH THE STATE AND DEFENSE COUNSEL, TO CONSECUTIVE SENTENCES WITHOUT PROVIDING THE STATUTORILY REQUIRED RATIONALE THEREFOR."

**ANALYSIS**

I.

{¶9} Appellant argues the trial court failed to make the requisite findings to impose consecutive prison terms and that the sentence imposed is disproportionate to the seriousness of the offenses. Appellee concedes the requisite findings were not made on the record at the sentencing hearing and were not incorporated into the court's sentencing entry. We agree and thus sustain appellant's assignment of error as to the absence of required findings in the record.

{¶10} R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are

not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶11} In *State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, syllabus, the Supreme Court of Ohio stated: "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." The sentencing court is not required to recite "a word-for-word recitation of the language of the statute."

Id. at ¶ 29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." Id. A failure to make the findings required by R.C. 2929.14(C)(4), however, renders a consecutive sentence contrary to law. Id. at ¶ 34. The findings required by R.C. 2929.14(C)(4) must be made at the sentencing hearing and included in the sentencing entry. Id. at the syllabus.

{¶12} Here, appellant was sworn for the plea colloquy with the trial court and the court observed appellant had been through the court's intensive supervision program before but was here again after "running from the cops." The trial court also noted appellant wore a red jumpsuit because he was found in possession of methamphetamine at the jail. The trial court concluded it would not follow the parties' joint recommendation and imposed consecutive terms of 9 months each, stating the following:

> * * * *.

> I find that the presumption in favor of prison--of concurrent terms in this case is overcome by the fact that consecutive terms are necessary to protect the public and to punish the offender. His prior record is terrible. He has been through virtually every potential program we have from probation to the community based correctional facility, and he just is not amenable. His supervision history is terrible, and so that's why I'm imposing consecutive terms on each of the four counts.

> * * * *.

T. 25-26.

{¶13} In the case at bar, the trial court found only that consecutive sentences are necessary to protect the public and to punish the offender; no findings were made that consecutive sentences are not disproportionate to the seriousness of appellant's conduct and to the danger appellant poses to the public. We are thus unable to find the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences; neither did it incorporate all of the necessary findings into its judgment entry. *State v. Hatfield*, 2015-Ohio-2846, ¶ 14 (5th Dist. Muskingum).

{¶14} Of course this case is distinguishable from *Hatfield* because we can glean from the record the trial court found at least one of three additional findings, specifically, appellant's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Id. at ¶ 14. Furthermore, we are reluctant to reverse and remand for mere recitation of the statutory factors, and *Bonnell* explicitly rejects such rigid formalism. *Bonnell*, supra, at ¶ 29. In this case, however, in light of appellant's argument regarding sentence proportionality, combined with appellee's concession the record and entries are devoid of the requisite findings, we must sustain appellant's sole assignment of error and remand this matter to the trial court.

{¶15} We are unable to uphold the consecutive sentences on this record because we cannot "discern that the trial court engaged in the correct analysis and can[not] determine that the record contains evidence to support the findings." *Hatfield*, supra, 2015-Ohio-2846, ¶ 13 (5th Dist. Muskingum), citing *Bonnell* at ¶ 29.

{¶16} Appellant's sole assignment of error is therefore sustained.

**CONCLUSION**

{¶17} Appellant's sole assignment of error is sustained, appellant's sentence is vacated, and this matter is remanded to the trial court for resentencing.

By: Delaney, J. and

Gwin, P.J.

Hoffman, J., concur.