[Cite as *State v. Bryan*, 2017-Ohio-1532.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2016-0056 |
| MICHAEL S. BRYAN | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Muskingum
County Court of Common Pleas, Case No.
CR2016-0234

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      April 24, 2017

APPEARANCES:

For Plaintiff-Appellee             For Defendant-Appellant

GERALD ANDERSON II             ERIC J. ALLEN
Assistant Prosecuting Attorney     4605 Morse Road
27 North Fifth Street             Suite 201
Box 189             Gahanna, OH 43230
Zanesville, OH 43702

*Gwin, P.J.*

{¶1} Appellant Michael Bryan appeals from the October 11, 2016 judgment entry/sentencing of the Muskingum County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} Appellant was involved in multiple drug transactions with a confidential informant working with the Central Ohio Drug Enforcement Task Force between November 16, 2015 and April 6, 2016, culminating in a raid of his residence on April 7, 2016.

{¶3} Appellant was indicted on one count of trafficking drugs (cocaine) and four counts of trafficking drugs (methamphetamine) in violation of R.C. 2925.03(A)(1). Two of these offenses were elevated due to school specifications. On September 21, 2016, appellant pled guilty to the five counts of trafficking in drugs and appellee dismissed the two school specifications. There was no joint recommendation as to appellant's sentence. Appellant waived a pre-sentence investigation and thus the trial court sentenced appellant following the plea hearing. Appellant signed a plea of guilty on September 21, 2016, acknowledging that even if consecutive sentences were not mandatory, they may be imposed by the court. Further, that appellee would be recommending an aggregate ten year sentence.

{¶4} At the sentencing hearing, counsel for appellant requested an aggregate four year sentence, while counsel for appellee requested an aggregate ten year sentence. Appellee argued appellant's pattern of conduct was such that no single sentence would adequately punish him or protect the public.

**{¶5}** The trial court stated at the sentencing hearing, "after reviewing the defendant's record, considering the seriousness and recidivism factors, and the purposes and principles statutes, this Court finds that it would demean the seriousness of the offense and not adequately protect the public to place the defendant on community control." The trial court then found a sentence of twenty-four months on each count was appropriate. The trial court continued, "said sentences shall be served consecutive to each other as not to demean the seriousness of the offenses and to protect the public, as concurrent sentences would not adequately address the crimes committed herein."

**{¶6}** The trial court issued a judgment entry of conviction on October 21, 2016. As to consecutive sentences, the judgment entry stated the "periods of incarceration imposed herein shall be served consecutive to one another for an aggregate prison sentence of ten (10) years."

**{¶7}** Appellant appeals from the judgment entry of his conviction and assigns the following as error:

**{¶8}** "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES AS THE COURT FAILED TO ENGAGE IN THE REQUISITE THREE PART ANALYSIS REQUIRED TO SENTENCE A DEFENDANT TO CONSECUTIVE SENTENCES BY FAILING TO FIND THAT ANY OF THE THREE FACTORS LISTED IN 2929.14(C)(4)(a)-(c) APPLIED."

I.

**{¶9}** Appellant contends the trial court failed to make the requisite findings to impose consecutive prison terms. Appellee concedes the third requisite finding, a finding that any of the three factors listed in R.C. 2929.14(C)(4)(a)-(c), was not made on the

record at the sentencing hearing and was not incorporated into the court's sentencing entry.

{¶10} R.C. 2929.24(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)    The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing * * * or was under post-release control for a prior offense.

(b)    At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)    The offender's history of criminal conduct demonstrates the consecutive sentences are necessary to protect the public from future crime by the offender.

{¶11}  In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, the Ohio Supreme Court held, "in order to impose consecutive terms of imprisonment, a

trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into the sentencing entry, but has no obligation to state reasons to support its findings."  The sentencing court is not required to give a "word-for-word" recitation of the language of the statute.  *Id.*  "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld."  *Id.*  A failure to make the findings required by R.C. 2929.14(C)(4), however, renders a consecutive sentence contrary to law.  *Id.*  The findings required by R.C. 2929.14(C)(4) must be made at the sentencing hearing and included in the sentencing entry.  *Id.*

{¶12}  In this case, the trial court found that consecutive sentences are necessary to protect the public or to punish the offender and found that consecutive sentences are not disproportionate to the seriousness of the conduct and the danger posed to the public, as evidenced in the sentencing colloquy by the trial court.  However, the trial court did not make a finding as to any of the three options set forth in R.C. 2929.14(C)(4)(a)-(c).  We are thus unable to find the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences; neither did it incorporate all of the necessary findings into its judgment entry.  See *State v. Hunter*, 5th Dist. Licking No. 15-CA-18, 2015-Ohio-3498.  The state, in its appellate brief, concedes this error in sentencing.

{¶13}  We are unable to uphold the consecutive sentences on this record because we cannot "discern that the trial court engaged in the correct analysis and can[not]

determine that the record contains evidence to support the findings." *Id.*, citing *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659.

{¶14} Appellant's assignment of error is sustained. Appellant's sentence is vacated, and this matter is reversed and remanded to the trial court for resentencing.

By Gwin, P.J.,

Wise, John J., and

Baldwin, J., concur