[Cite as *State v. Bryan*, 2018-Ohio-2508.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. CT2017-0053 |
| MICHAEL BRYAN | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Muskingum County Court
of Common Pleas, Case No. CR2016-0234

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: June 21, 2018

APPEARANCES:

For Plaintiff-Appellee           For Defendant-Appellant

D. MICHAEL HADDOX           ERIC ALLEN
Prosecuting Attorney           4605 Morse Rd., Suite 201
GERALD V. ANDERSON, II           Gahanna, OH 43230
Assistant Prosecuting Attorney
27 North Fifth St., P.O. Box 189
Zanesville, OH 43702-0189

*Hoffman, J.*

{¶1}  Appellant Michael Bryan appeals the judgment entered by the Muskingum County Common Pleas Court resentencing him to an aggregate term of ten years incarceration for five counts of trafficking in drugs.  Appellee is the state of Ohio.

### STATEMENT OF THE CASE[1]

{¶2}  Appellant was involved in multiple drug transactions with a confidential informant working with the Central Ohio Drug Enforcement Task Force between November 16, 2015, and April 6, 2016, culminating in a raid of his residence on April 7, 2016.

{¶3}  Appellant was indicted on one count of trafficking drugs (cocaine) and four counts of trafficking drugs (methamphetamine) in violation of R.C. 2925.03(A)(1). Two of these offenses were elevated due to school vicinity specifications. On September 21, 2016, appellant pled guilty to the five counts of trafficking in drugs and appellee dismissed the two school specifications. There was no joint recommendation as to Appellant's sentence. Appellant waived a pre-sentence investigation and the trial court sentenced Appellant following the plea hearing. Appellant signed a plea of guilty on September 21, 2016, acknowledging even if consecutive sentences were not mandatory, they may be imposed by the court, and further, Appellee would be recommending an aggregate ten year sentence.

{¶4}  At the sentencing hearing, Appellant requested an aggregate four year sentence, while Appellee requested an aggregate ten year sentence. Appellee argued

---

[1] A rendition of the facts is unnecessary for our resolution of this appeal.

Appellant's pattern of conduct was such that no single sentence would adequately punish him or protect the public.

{¶5} The trial court stated at the sentencing hearing, "after reviewing the defendant's record, considering the seriousness and recidivism factors, and the purposes and principles statutes, this Court finds that it would demean the seriousness of the offense and not adequately protect the public to place the defendant on community control." The trial court then found a sentence of twenty-four months on each count was appropriate. The trial court continued, "said sentences shall be served consecutive to each other as not to demean the seriousness of the offenses and to protect the public, as concurrent sentences would not adequately address the crimes committed herein."

{¶6} The trial court issued a judgment entry of conviction on October 21, 2016. As to consecutive sentences, the judgment entry stated the "periods of incarceration imposed herein shall be served consecutive to one another for an aggregate prison sentence of ten (10) years." Appellant filed an appeal to this Court, arguing the trial court erred in imposing consecutive sentences without finding any of the three factors set forth in R.C. 2929.14(C)(4) applied. We agreed, and reversed and remanded for resentencing. *State v. Bryan,* 5th Dist. Muskingum No. CT2016-0056, 2017-Ohio-1532.

{¶7} On remand, the court imposed the same sentence, finding at least two of the offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term adequately reflects the seriousness of his conduct, and his history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from

future crime by Appellant.  R.C. 2929.14(C)(4) (b) and (c).  It is from the June 9, 2017 judgment of sentencing Appellant prosecutes his appeal, assigning as error:


"THE RECORD IN THIS MATTER DOES NOT SUPPORT THE IMPOSITION OF CONSECUTIVE SENTENCES PURSUANT TO STATE LAW R.C. 2929.14."


{¶8}  Although couched as a challenge to the imposition of consecutive sentences pursuant to R.C. 2929.14, Appellant argues the offenses are allied offenses of similar import, and should merge pursuant to R.C. 2941.25(A).  Appellant failed to raise this issue on direct appeal.  The doctrine of res judicata bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any issue which was raised or could have been raised on direct appeal.  E.g., *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 106 (1967). Because Appellant, who was represented by counsel, failed to raise this issue on direct appeal, it is now barred by res judicata.

{¶9}  The assignment of error is overruled.

**{¶10}** The judgment of the Muskingum County Common Pleas Court is affirmed.


By: Hoffman, J.

Wise, John, P.J.  and

Baldwin, J. concur