[Cite as *State v. Smith*, 2020-Ohio-4048.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2019 CA 119 |
| NATHANIEL SMITH, JR. | |
| | O P I N I O N |
| Defendant-Appellant | (NUNC PRO TUNC) |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  19 CR 0514


JUDGMENT:                    Affirmed in Part; Reversed in Part and
                             Remanded


DATE OF JUDGMENT ENTRY:      August 12, 2020


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

WILLIAM C. HAYES                      JAMES A. ANZELMO
PROSECUTING ATTORNEY                  446 Howland Drive
PAULA M. SAWYERS                      Gahanna, Ohio  43230
ASSISTANT PROSECUTOR
20 South Second Street, Fourth Floor
Newark, Ohio  43055

*Wise, John, J.*

{¶1}    Appellant, Nathaniel Smith, Jr., appeals the judgment entered by the Licking County Court of Common Pleas convicting him of violating R.C. 2919.25, domestic violence committed against his wife and his daughter, and R.C. 2903.21 aggravated menacing against Brett Showman. Appellant was sentenced to two years in prison for each domestic violence charge to run consecutive, and six months in prison for the aggravated menacing charge to run concurrent with the domestic violence charges. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2}    On August 28, 2019, Appellant motioned for access to legal materials.

{¶3}    On October 17, 2019, Appellant requested access to Lexis Nexis for legal research, or cases pertaining to State law, the State Constitution, and police tactics.

{¶4}    On October 24, 2019, a Motion Hearing was held where the trial court indicated that they did not have access to Lexis Nexis, and therefore, could not provide Appellant with access. They also indicated that Appellant had access to law books to do his research.

{¶5}    A jury trial occurred on November 13, 2019. Brittany Binder testified on June 26, 2019, that she saw Appellant charge out of his house after his wife B.C. and her daughter S.C. During the altercation that followed, he went after B.C., but S.C. got in the way. He picked S.C. up and threw her around and struck her in the face. He then went after B.C., again with his hand cocked ready to strike her. Appellant was cursing and screaming the entire time.

{¶6}    Brett Showman, a neighbor who witnessed the incident, then testified that he also saw Appellant throw S.C. to the ground. After he witnessed the altercation he

drove his car up to Appellant's house to ask Appellant to calm down. Appellant took his attention off of B.C. and S.C. and asked Mr. Showman if he wanted to fight. Mr. Showman said he did not want to fight, that he just wants Appellant to calm down. At that point Appellant threatened to shoot Mr. Showman in the face.

{¶7} During Appellant's cross-examination of Mr. Showman, Appellant attempted to ask Mr. Showman about a prior misdemeanor charge for criminal endangering. Appellee objected, and the trial court sustained the objection.

{¶8} Next, Patrolman Black of the Heath Police Department testified as the responding officer to the domestic disturbance. Patrolman Black identified Appellant's certified copies of prior convictions for domestic violence from the 58th District Court of the State of Michigan, and the Licking County Court of Common Pleas. Patrolman Black identified Appellant as the individual involved in the domestic disturbance that day, and that he was familiar with Appellant, B.C., and S.C. He testified they all lived at the same address and he knew Appellant and B.C. were husband and wife.

{¶9} During closing arguments, Appellant stated he knew where B.C. and S.C. are living.

{¶10} The jury found Appellant guilty on all three charges. At sentencing, information was presented regarding Appellant's criminal history. This history included four domestic violence convictions in ten years, and convictions for manslaughter, obstruction of justice, and falsification. The court acknowledged that it considered the purposes and principles of sentencing set out under Section 2929.11 of the Revised Code, and seriousness and recidivism factors set out in Section 2929.12 of the Revised Code.

**ASSIGNMENTS OF ERROR**

{¶11}   On December 9, 2019, Appellant filed a notice of appeal. He herein raises the following four Assignments of Error:

{¶12}   "I. THE TRIAL COURT ERRED BY BARRING SMITH FROM PRESENTING A COMPLETE DEFENSE, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION, AND HIS RIGHT TO A FAIR TRIAL, AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶13}   "II. SMITH'S CONVICTIONS ARE BASED ON INSUFFICIENT EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16 OF THE OHIO CONSTITUTION.

{¶14}   "III. SMITH'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16 OF THE OHIO CONSTITUTION.

{¶15}   "IV. THE TRIAL COURT UNLAWFULLY ORDERED SMITH TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

## I.

**{¶16}** In his First Assignment of Error, Appellant argues the trial court erred by barring him from presenting a complete defense by disallowing a recording of the victim, S.C., talking to the police which should have been admitted under Evid.R. 803(2), that he should have been allowed to cross examine Showman about his propensity toward violence, and Appellant should have been allowed access to computerized legal materials. We disagree.

**{¶17}** A criminal defendant has a right to a fair opportunity to defend against the State's accusations. *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). However, this right is not absolute and applies only to evidence admissible under the rules of evidence. *State v. Swann*, 119 Ohio St.3d 552, 2008-Ohio-4837. "Ordinarily, a trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence. *Rigby v. Lake City*, 58 Ohio St.3d 269, 271 (1991). The appellate court must limit its review of the trial court's admission or exclusion of evidence to whether the trial court abused its discretion. *Id.* The abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

**{¶18}** The Rule of Evidence 803(2) states:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> ***

(2) **Excited Utterance.** A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

{¶19} A four part test has been established in *State v. Taylor* to determine the admissibility under the Excited Utterance exception to the hearsay rule. *State v. Taylor*, 66 Ohio St.3d 295 (1993). A trial court judge must find:

(a) There was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions or beliefs, and thus render his statement or declaration spontaneous and unreflective, (b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, so that such domination continued to remain sufficient to make his statements and declaration the unreflective and sincere expression of his actual impressions and beliefs, (c) that the statement or declaration related to such startling occurrence or circumstances of such startling occurrence, and (d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration.

{¶20} *Id.*

{¶21} At issue in this case is the second requirement set forth in *Taylor* that the statement be made while the declarant is still under the stress of the startling occurrence.

**{¶22}** In *Taylor*, the declarant was referred to as "really upset." *Taylor* at 303. The Supreme Court goes on to state, "merely being upset clearly does not meet the standard of admissibility under Evid.R. 803(2)." *Id.*

**{¶23}** In the case sub judice, Appellant did not proffer any evidence about S.C.'s or B.C.'s demeanor, actions, or behavior to show that those statements were made under any type of stress, excitement, or fear.

**{¶24}** Based on evidence in the record we cannot say the decision of the trial court was unreasonable. The evidence is insufficient to find that when S.C. made her statements to Officer Black, she was under the stress of excitement caused by the startling occurrence rather than a narrative based on reflective thought. Therefore, the trial court did not abuse its discretion by disallowing the victim's out of court statements as hearsay.

**{¶25}** Also under the First Assignment of Error, Appellant argues that because the statements were made to a police officer they should be admitted. The Supreme Court held, "not all out of court statements are hearsay. Hearsay is an out of court statement offered in court as evidence to prove the truth of the matter asserted." *State v. Blevins*, 10th Dist. No. 86AP-418, 36 Ohio App.3d 147, 521 N.E.2d 1105 (1987).

**{¶26}** In *Blevins*, the State offered the out of court statement to provide information on how the police investigated the case. *Id*. As it was not offered for the truth of the mattered asserted, but to show the path of the investigation it is not considered hearsay. *Id.*

**{¶27}** In the case before us, when asked what the purpose was for offering the recordings, Appellant answered, to "expose some type of truth." As these out of court

statements would be offered for the truth of the matter asserted, they are inadmissible hearsay. Therefore, the trial court did not abuse its discretion by disallowing the S.C.'s out of court statements as hearsay.

{¶28} Appellant also argues under the First Assignment of Error, Appellant should have been permitted to cross examine Mr. Showman on his propensity toward violence. At trial Appellant attempted to question Mr. Showman about an incident which he threatened his girlfriend with a gun and to kill everybody, to show he was defending himself against the victim. This incident resulted in a misdemeanor criminal endangering charge.

{¶29} When a defendant is claiming self-defense, he cannot introduce evidence of specific instances of a victim's conduct to prove that the victim was the initial aggressor. *State v. Barnes*, 94 Ohio St.3d 21, 2002-Ohio-68. Accordingly, the trial court did not abuse its discretion in excluding the evidence of Mr. Showman's prior conviction for criminal endangering.

{¶30} Appellant further argues the trial court interfered with his right to present a complete defense by failing to provide him with access to computerized legal research. In support of his assertion, Appellant cites *State, ex rel. Greene, v. Enright*, 63 Ohio St.3d 729, 590 N.E.2d 1257 (1992). However, this case only acknowledges that the State furnish trial transcripts as part of a full and effective defense on appeal. *Id.* The Supreme Court, citing a Sixth Circuit Court of Appeals decision, *United States v. Smith*, states the government does not have to provide access to a law library to defendants in a criminal trial who wish to represent themselves. *State, ex rel. Greene, v. Enright,* 63 Ohio St.3d 729 (citing *United States v. Smith* (6th Cir. 1990), 907 F.2d 42).

{¶31} In the current case, the trial court made sure Appellant had access to law books and indicated that the court did not have Lexis-Nexis access which they could provide Appellant. Accordingly, the trial court did not abuse its discretion by not providing access to computerized legal research.

{¶32} The First Assignment of Error is overruled.

## II., III.

{¶33} In his Second and Third Assignments of Error, Appellant argues the jury's guilty verdict is not supported by sufficient evidence and is against the manifest weight of the evidence. We disagree.

{¶34} Sufficiency of evidence and manifest weight of the evidence are separate and distinct legal standards. *State v. Thompkins*, 78 Ohio St.3d 380, 1997–Ohio–52, 678 N.E.2d 541. Sufficiency of the evidence is a test of adequacy. *Id.* A sufficiency of the evidence standard requires the appellate court to examine the evidence in the light most favorable to the prosecution, to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).

{¶35} In contrast to the sufficiency of the evidence analysis, when reviewing a weight of the evidence argument, the appellate court reviews the entire record, weighing the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts of evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins,* supra at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶36} Under a weight of the evidence argument, the appellate court will consider the same evidence as when analyzing the Appellant's sufficiency of evidence argument. Appellant argues there was insufficient evidence to convict Appellant, and the jury clearly lost its way as their conviction of Appellant based on the total weight of the evidence caused a manifest miscarriage of justice.

{¶37} The State filed a complaint alleging Appellant violated R.C. 2919.25, domestic violence, against B.C. and S.C., and R.C. 2903.21, aggravated menacing, against Brett Showman.

{¶38} R.C. 2919.25 states:

(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.

(B) No person shall recklessly cause serious physical harm to a family or household member.

(C) No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member.

{¶39} R.C. 2903.21 states: "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person."

{¶40} At trial, the State produced evidence that, in violation of R.C. 2919.25, Appellant attempted to cause physical harm to a family or household member, and R.C. 2903.21, Appellant knowingly caused Brett Showman to believe that Appellant would cause him serious physical harm. Brittany Binder and Brett Showman both testified that

Appellant threw S.C. to the ground, went after B.C. with his hand cocked as if the strike her, and threatened to shoot Brett Showman. Ms. Binder further testified that she saw Appellant strike S.C. in the face. Patrolman Black testified that he was familiar with Appellant, B.C., and S.C. He knows B.C. and S.C. to be husband and wife, and that all three reside at the same address. We find the State presented sufficient evidence, if believed by the jury, that Appellant attempted to cause physical harm to family or household members, B.C. and S.C. We find the State presented sufficient evidence, if believed by the jury, that Appellant knowingly caused Brett Showman to believe Appellant would cause him serious physical harm. Our review of the entire record fails to persuade us that the jury lost its way and created a manifest miscarriage of justice. Appellant was not convicted against the manifest weight of the evidence.

{¶41} Appellant's Second and Third Assignment of Errors are overruled.

**IV.**

{¶42} In his Fourth Assignment of Error, Appellant argues the trial court unlawfully ordered Smith to serve consecutive sentences in contravention of R.C. 2929.14(C)(4). We agree.

{¶43} Appellant claims the trial court erred in sentencing him to consecutive sentences. Specifically, Appellant claims the trial court failed to comply with the requirements of R.C. 2929.14. The standard of review is whether clear and convincing evidence exists that the trial court imposed consecutive sentences contrary to law. R.C. 2953.08.

{¶44} R.C. 2929.14 contains certain requirements that must be met before consecutive sentences may be imposed. In order to impose consecutive sentences when

an offender is convicted of multiple offenses, a court must find consecutive sentences is necessary to protect the public from future crime or to punish the offender, the seriousness of the offenses requires consecutive sentences, or the danger posed to the public by the offender is great unless consecutive sentences is required. R.C. 2929.14(E)(3).

{¶45} R.C. 2929.14(C)(4) states the following:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶46}** "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. Section 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state the reasons to support its findings." *State v. Payton,* 5th Dist. Muskingum No. CT2017-0095, 0096, 2018-Ohio-3864 at ¶21, quoting *State v. Bonnell,* 140 Ohio St.3d 209, (syllabus 2014).

**{¶47}** A review of the November 13, 2019 sentencing hearing transcript indicates the trial court did not meet the requirements of R.C. 2929.14(C)(4) and *Payton*, and the State concedes the issue stating, "while those factors are not specifically stated by the trial court at the sentencing hearing, the trial court certainly considered those factors." However, the trial court must state these findings during the sentencing hearing, as well as incorporate them into the judgment entry. T at 247-254. Appellee's brief at 18.

**{¶48}** Appellant's Fourth Assignment of Error is granted.

**{¶49}** For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed in part and reversed in part. The sentence is vacated and the matter is remanded to said court for rehearing on the issue of consecutive sentencing.


By: Wise, John, J.

Hoffman, P. J., and

Wise, Earle, J., concur.


JWW/br