[Cite as *State v. Smith*, 2021-Ohio-1562.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| NATHANIEL SMITH | : | Case No. 2020CA61 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 2019CR514




JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 May 3, 2021




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

PAULA M. SAWYERS                          JAMES A. ANZELMO
20 South Second Street                    446 Howland Drive
Fourth Floor                              Gahanna, OH  43230
Newark, OH  43055

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant Nathaniel Smith appeals the August 31, 2020 judgment of the Licking County Court of Common Pleas which reflects Smith's resentencing upon remand from this court. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} A recitation of the underlying facts is unnecessary to our resolution of this appeal.

{¶ 3} On August 12, 2020 we issued our opinion in Smith's first appeal, *State v. Smith*, Licking App. No. 2019CA119, 2020-Ohio-4048, which we affirmed in part and reversed in part. We reversed Smith's sentence because during his sentencing hearing, the trial court failed to make the findings mandated by R.C. Section 2929.14(C)(4) before imposing consecutive sentences and to incorporate those findings into its sentencing entry. *Id.* ¶¶ 46-47.

{¶ 4} The matter was remanded for a new sentencing hearing which took place on August 31, 2020. The trial court sentenced Smith as follows:

> So, at this time, I would say that the court would impose terms of two years in the state penitentiary on Count No. 1, two years on the state penitentiary on Count No. 2, and a six-month sentence on Count No. 3. I'd order that Counts 1 and 2 run consecutively with each other and concurrently with Count No. 3 for a four-year term.
>
> I'd find consecutive sentences are necessary to protect the public, punish the Defendant, not disproportionate to the crimes he's

committed or others imposed on others for similar conduct. And I'd

find that they're necessitated by his criminal history * * *.

{¶ 5} Transcript of resentencing (T.) at 10.

{¶ 6} The trial court then discussed Smith's lengthy criminal history which began in 1997. T. 10-11.

{¶ 7} The trial court's August 31, 2020 sentencing judgment entry states in relevant part:

It is, therefore, ordered that the Defendant serve a stated prison term of two (2) years on Count one and two (2) years on Count 2 at the Orient Reception Center. Further, the Court imposes a term of six months in jail on count 3. Counts 1 and 2 are ordered to run consecutively with each other and concurrently with count 3 for an aggregate term of four (4) years.

The Court has decided that the offender shall serve the prison terms consecutively, pursuant to R.C. 2929.14(C)(4), because the Court finds that the consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and the Court also finds the following:

The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

* * *

{¶ 8} Smith filed an appeal and the matter is now before this court for consideration. He raises one assignment of error:

I

{¶ 9} "THE TRIAL COURT UNLAWFULLY ORDERED SMITH TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OH HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

{¶ 10} In his sole assignment of error, Smith argues his consecutive sentences must be vacated because the trial court imposed the sentences in contravention of the sentencing statutes. We disagree.

{¶ 11} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

{¶ 12} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."

*Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477, 120 N.E.2d 118.

{¶ 13} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. "[A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 14} We first note Smith concedes the trial court made the findings mandated by R.C. 2929.14(C)(4). Appellant's brief at 4. He argues, however, that consecutive sentences are reserved for the most serious offenses and offenders and that the record here fails to support a conclusion that he committed the most serious offense or is among the most serious offenders. Smith further argues consecutive sentences are not warranted because he has suffered several deaths in his family over the past year and because he needs to be with his 72-year-old mother.

{¶ 15} In support of his arguments, Smith states he was not armed during the instant offenses which consisted of one count each of domestic violence against his wife and daughter, and a count of aggravated menacing against a neighbor who attempted to

help the women. The offenses involved Smith running out of his house cursing and screaming at his wife. When his daughter got in his way, he picked her up, threw her around, and struck her in the face. As Smith cocked his fist to assault his wife, a neighbor drove up to the scene and asked Smith to calm down. Smith asked the neighbor if he wanted to fight and then threatened to shoot him in the face. *State v. Smith*, Licking App. No. 2019CA119, 2020-Ohio-4048, ¶¶ 5-6. Smith argues he is not the worst offender and did not commit the worst form of the offense because these events did not alarm his wife and daughter and neither suffered serious injury. These events, however, constitute Smith's third case of domestic violence. *Id.* ¶ 8.

{¶ 16} Smith further ignores the trial court's discussion of his extensive prior record during the resentencing hearing. The court noted Smith's criminal history began in 1994 with murder, continued to the present and includes convictions for felon in possession of a firearm in 1996 and 2004, drug possession in 2000, manufacturing and delivering a controlled substance in 2002 and 2004, resisting an officer during service of process, criminal sexual conduct, fraudulent activity, accosting children for immoral purpose and domestic violence in 2008, domestic violence for knowingly assaulting a pregnant woman in 2009, and abduction, assault and menacing in 2010. Several of these charges resulted in incarceration. T. 10-11.

{¶ 17} We find that the trial court made the appropriate findings before imposing consecutive sentences. We further find the record supports the trial court's conclusion that in light of the nature of the instant offense and Smith's criminal history, Smith's conduct demonstrates consecutive sentences are necessary to protect the public from

future crime by Smith and to punish Smith. Accordingly, we clearly and convincingly find that the record supports the sentence, and that the sentence is not contrary to law.

{¶ 18} The sole assignment of error is overruled.

{¶ 19} The judgment of the Licking County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Delaney, J. concur.

EEW/rw