[Cite as *State v. Priest*, 2021-Ohio-3418.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 19-CA-14 |
| | : | |
| GLENN J. PRIEST | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
                             Common Pleas, Case No. 18CR321


JUDGMENT:                    AFFIRMED IN PART, REVERSED IN
                             PART, AND REMANDED FOR
                             RESENTENCING


DATE OF JUDGMENT ENTRY:      September 27, 2021


APPEARANCES:


For Plaintiff-Appellee:                For Defendant-Appellant:

WILLIAM C. HAYES                       JAMES A. ANZELMO
LICKING CO. PROSECUTOR                 446 Howland Dr.
PAULA M. SAWYERS                       Gahanna, OH 43230
20 S. Second St., Fourth Floor
Newark, OH 43055

*Delaney, J.*

{¶1} Appellant Glenn J. Priest appeals from the February 14, 2019 Judgment Entry of the Licking County Court of Common Pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}  The following facts are adduced from appellee's bill of particulars filed June 7, 2018.

{¶3} On May 11, 2018, Newark police were dispatched to an address on Hancock Street for a report of shots fired. Upon arrival police located a deceased white male, later identified as Jessie Moffitt Sr.

{¶4} Upon investigation, police learned Moffitt went to the Hancock Street address to retrieve a cell phone. At the residence, a verbal altercation ensued between Moffitt and a third party. During the altercation, appellant came up from the basement and shot and killed Moffitt.

{¶5}  Appellant then fled the area but was found around 48 hours later.  A firearm was found upon appellant's person at the time of arrest. Appellant was Mirandized and interviewed. He admitted killing Moffitt. The investigation determined that after the shooting, appellant fled in a gold Ford F150.

{¶6} On the evening of May 12, 2018, Newark police learned the Ohio State Highway Patrol was investigating appellant's involvement in a road-rage incident, during which he was also driving the gold Ford F150 on Interstate 70 westbound near mile post 137 in Licking County.

{¶7} In this incident, appellant passed victim R.E.'s vehicle, went onto the berm of the highway, stopped in front of R.E.'s vehicle, and fired at least one shot at R.E.'s vehicle. R.E. drove around appellant and fled.

{¶8} On the morning of May 13, 2018, Newark police found the gold Ford F150 abandoned near railroad tracks behind a residence on Hudson Avenue in Newark. Police surveilled the vehicle until appellant was arrested later that evening.

{¶9} Appellant has a prior felonious assault conviction in Licking County Court of Common Pleas Case Number 2008-CR-00686.

{¶10} Appellant was charged by indictment as follows: one count of murder pursuant to R.C. 2903.02(A), an unclassified felony [Count I]; one count of involuntary manslaughter pursuant to R.C. 2903.04(A), a felony of the first degree [Count II]; one count of having weapons while under disability pursuant to R.C. 2923.13(A)(2), a felony of the third degree [Count III]; one count of felonious assault pursuant to R.C. 2903.11(A)(2), a felony of the second degree [Count IV]; one count of having weapons while under disability pursuant to R.C. 2923.13(A)(2), a felony of the third degree [Count V]; and one count of improperly handling firearms in a motor vehicle pursuant to R.C. 2923.26(B), a felony of the fourth degree [Count VI]. Counts I, II, and IV are accompanied by repeat-violent-offender specifications pursuant to R.C. 2941.149(A) and firearm specifications pursuant to R.C. 2941.145(A).

{¶11} The bill of particulars noted appellant has a prior felony conviction for an offense of violence, to wit, felonious assault in Licking County Court of Common Pleas Case Number 2008-CR-00686. The felony predicate for Count II, involuntary manslaughter, is weapons under disability. The offenses occurred on two separate dates,

therefore, appellee asserted, two separate firearms specifications, two charges of weapons under disability, and two repeat-violent-offender specifications were filed.

{¶12} On February 14, 2019, appellee moved to dismiss Counts I and III and the accompanying firearm specifications in exchange for appellant's guilty pleas to Counts II, IV, V and VI. The trial court granted appellee's motion to dismiss.

{¶13} Also on that date, appellant appeared before the trial court and changed his previously-entered pleas of not guilty to ones of guilty upon Counts II, IV, V, and VI. The trial immediately sentenced appellant to prison terms of 6 years upon Count II, 8 years upon Count IV, 3 years upon Count V, 1 year upon Count VI, and a mandatory term of 3 years upon the remaining firearm specification. The trial court further ordered that the prison terms upon Counts II, IV, V, and the firearm specification are to be served consecutively, and those terms are to be served concurrently with the term upon Count VI. Appellant was therefore sentenced to an aggregate prison term of 20 years.

{¶14} Appellant appealed from the trial court's judgment entry of conviction and sentence dated February 14, 2019.

{¶15} On September 16, 2019, we dismissed the appeal for want of prosecution pursuant to App.R. 18(C). On December 1, 2020, appellant filed an application to reopen the appeal pursuant to App.R. 26(B), and we granted the application to reopen on January 25, 2021.

{¶16} Appellant now raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶17} "I. THE TRIAL COURT ERRONEOUSLY FAILED TO MERGE GLENN PRIEST'S OFFENSES FOR FELONIOUS ASSAULT AND IMPROPER HANDLING OF

A FIREARM, IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

{¶18} "II. THE TRIAL COURT UNLAWFULLY ORDERED PRIEST TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

**ANALYSIS**

I.

{¶19} In his first assignment of error, appellant argues the trial court should have merged Count IV (felonious assault) and Count VI (improper handling of firearms in a motor vehicle).  We disagree.

{¶20} R.C. 2941.25, Ohio's allied-offense statute, provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶21} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, syllabus, the Supreme Court of Ohio held the following:

> 1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.

> 2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

> 3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

{¶22} The *Ruff* court explained at paragraph 26:

> At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant

can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

{¶23} Appellate review of an allied-offense question is de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 12.

{¶24} At sentencing, appellant argued Counts IV, V, and VI should merge because the same firearm was involved in each of those offenses, and in the firearm specification accompanying Count IV. Appellee responded that Counts IV, V, and VI were each supported by separate conduct: appellant, a convicted felon, fled in a motor vehicle with a firearm [Count VI], despite his disability [Count V], which he then discharged at R.E. [Count IV] and again fled with the firearm in the motor vehicle. T. 19, 23. The trial court did not explicitly address the merger argument; the sentences upon Counts IV and VI were imposed separately, with Count VI to be served concurrently.[1]

{¶25} Appellant relies upon *State v. Parsons*, 2017-Ohio-1315, 88 N.E.3d 624, ¶ 88 (3rd District), in which the Court found that separate counts of attempted murder, felonious assault, and improper handling of firearms in a motor vehicle merge for

---

[1] As appellant notes, "The imposition of concurrent sentences is not the equivalent of merging allied offenses." *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, ¶ 17.

sentencing purposes, but in that case the state of Ohio agreed to merger because the three counts arose from a single incident with a single victim. The Third District Court of Appeals did not analyze whether those offenses were in fact allied offenses of similar import because the appellant challenged the trial court's imposition of separate sentences despite the agreed-upon merger. *Id.*, ¶ 86. We therefore find *Parsons* inapposite to the case sub judice.

{¶26} In the instant case, appellant had a firearm in his vehicle. He passed R.E., pulled onto the berm in front of R.E., exited his vehicle, and fired at least one shot at R.E.'s vehicle. Appellant committed felonious assault upon firing the weapon at R.E. after exiting the vehicle; he committed improper handling of a firearm in a motor vehicle when he drove with the firearm in the vehicle before and after the felonious assault. We therefore agree with appellee that the trial court was not required to merge the counts of felonious assault and improper handling because the counts represented separate harms. *Ruff*, supra, at paragraph two of the syllabus. Appellant was therefore properly convicted of, and sentenced upon, separate counts. *State v. Chester*, 5th Dist. Stark No. 2020CA00028, 2021-Ohio-918, ¶ 54, *appeal not allowed*, 163 Ohio St.3d 1495, 2021-Ohio-2270, 169 N.E.3d 1282.

{¶27} We note the offenses are objectively of dissimilar import and subjectively as applied to the facts of the instant case. Appellant was convicted and sentenced upon improper handling of firearms in a motor vehicle pursuant to R.C. 2923.16(B): "No person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle." Appellant was also convicted and sentenced upon felonious assault pursuant

to R.C. 2903.11(A)(2): "No person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." These offenses, and appellant's commission of each, were "not alike in their significance and their resulting harm." *Ruff* at ¶ 21. Based on our de novo review, appellant has failed to explain how his conduct could be analyzed under *Ruff* to overcome the trial court's implicit determination that the offenses were of dissimilar import.

{¶28} Accordingly, appellant's first assignment of error is overruled.

II.

{¶29} In his second assignment of error, appellant argues the trial court improperly imposed consecutive prison terms without making the requisite findings on the record at the sentencing hearing. We agree.

{¶30} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell,* 140 Ohio St.3d 209, 16 N.E.3d 659, 2014-Ohio-3177, syllabus.

{¶31} In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C)(4). *Bonnell,* supra, 2014-Ohio-3177 at ¶ 23. R.C. 2929.14(C)(4) concerns the imposition of consecutive sentences and provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender

to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶32} In the instant case, the record does not establish the trial court made the findings required by R.C. 2929.14(C)(4)(b) at the time it imposed consecutive sentences. We note, however, that in the sentencing judgment entry, the trial court found that

consecutive sentences are necessary to protect the public from future crime or to punish the offender; are not disproportionate to appellant's conduct and to the danger he poses to the public; and appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future harm by the offender.  Judgment Entry, Feb. 14, 2019, page 3. However, these findings were not made on the record at the sentencing hearing.

{¶33} We have previously held that the trial court must state these findings during the sentencing hearing as well as incorporate them into the judgment entry. *State v. Smith*, 5th Dist. Licking No. 2019 CA 119, 2020-Ohio-4048, ¶ 47; *State v. Bryan*, 5th Dist. Muskingum No. CT2016-0056, 2017-Ohio-1532, ¶ 13; *State v. Hunter*, 5th Dist. Licking No. 15-CA-18, 2015-Ohio-3498, ¶ 15; *State v. Fisher*, 5th Dist. Stark No. 2012CA00031, 2013-Ohio-2081, ¶ 25; *State v. Kennedy*, 5th Dist. Guernsey No. 16-CA-27, 2017-Ohio-5547, ¶ 33.

{¶34} Appellant's second assignment of error is therefore sustained, appellant's sentence is vacated, and this matter is remanded for resentencing.

**CONCLUSION**

{¶35} Appellant's first assignment of error is overruled and the second assignment of error is sustained. The judgment of the Licking County Court of Common Pleas is therefore affirmed in part and reversed in part. The sentence is vacated and the matter is remanded to the trial court upon the issue of findings in support of consecutive sentencing. *Smith*, supra, 2020-Ohio-4048, ¶ 49.

By: Delaney, J.,

Gwin, P.J. and

Wise, Earle, J., concur.