[Cite as *State v. Smith*, 2022-Ohio-2015.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2021 CA 0095 |
| NATHANIEL SMITH, JR. | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Licking County Court of Common Pleas, Case No. 2019-CR-00514A |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 13, 2022 |

APPEARANCES:


| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| WILLIAM C. HAYES<br>Licking County Prosecutor | NATHANIEL SMITH, JR.<br>Belmont Correctional Institution<br>Inmate #A767575 |
| ANDREW FLOOR<br>Assistant Prosecuting Attorney<br>20 S. Second Street, Fourth Floor<br>Newark, Ohio 43055 | P.O. Box 540<br>St. Clairsville, Ohio 43950 |

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Nathaniel Smith appeals the October 26, 2021 Judgment Entry entered by the Licking County Court of Common Pleas, which denied his petition for post-conviction relief. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}** On July 9, 2019, the Licking County Prosecuting Attorney filed Criminal Complaints/Arrest Warrants, charging Appellant with two counts of domestic violence, in violation of R.C. 2919.25, felonies of the third degree; and one count of aggravated menacing, in violation of R.C. 2903.21, a misdemeanor of the first degree. On August 15, 2019, the Licking County Grand Jury indicted Appellant on the aforementioned charges. Appellant appeared before the trial court for arraignment on August 20, 2019, and entered a plea of not guilty to the indictment.

**{¶3}** The matter proceeded to trial on November 13, 2019. The jury found Appellant guilty on all three counts. The trial court sentenced him to two years on each count of domestic violence and six months on the aggravated menacing count. The trial court ordered the sentences on the domestic violence counts be served consecutively to each other and concurrently with the sentence on the aggravated menacing count.

**{¶4}** Appellant appealed to this Court, arguing his convictions were against the manifest weight and sufficiency of the evidence, and the trial court's imposition of consecutive sentences was contrary to law. *State v. Smith*, Licking App. No. 2019CA119, 2020-Ohio-4048, ¶¶ 12-15. We affirmed Appellant's convictions, but vacated his sentence due to the trial court's failure to make the findings mandated by R.C. Section

---

[1] A Statement of the Facts underlying Appellant's convictions is not necessary for our disposition of this Appeal.

2929.14(C)(4), at the sentencing hearing and incorporate said findings into its sentencing entry. *Id.* at ¶¶ 46-47. We remanded the matter for the trial court to consider whether consecutive sentences were appropriate under the statute and, if so, to make the appropriate findings on the record at the sentencing hearing and to incorporate those findings into its sentencing entry. *Id.* at ¶49.

{¶5}    At the August 31, 2020 resentencing hearing, the trial court stated on the record:

> So, at this time, I would say that the court would impose terms of two years in the state penitentiary on Count No. 1, two years on the state penitentiary on Count No. 2, and a six-month sentence on Count No. 3. I'd order that Counts 1 and 2 run consecutively with each other and concurrently with Count No. 3 for a four-year term.
>
> I'd find consecutive sentences are necessary to protect the public, punish the Defendant, not disproportionate to the crimes he's committed or others [sic] imposed on others for similar conduct. And I'd find that they're necessitated by his criminal history * * *.
>
> Transcript of Aug. 31, 2020 Resentencing Hearing at 10.

{¶6}    In its August 31, 2020 Sentencing Judgment Entry, the trial court found:

> It is, therefore, ordered that the Defendant serve a stated prison term of two (2) years on Count one and two (2) years on Count 2 at the Orient

Reception Center. Further, the Court imposes a term of six months in jail on count 3. Counts 1 and 2 are ordered to run consecutively with each other and concurrently with count 3 for an aggregate term of four (4) years.

The Court has decided that the offender shall serve the prison terms consecutively, pursuant to R.C. 2929.14(C)(4), because the Court finds that the consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and the Court also finds the following:

The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

**{¶7}** Appellant appealed his sentence to this Court, arguing the trial court unlawfully ordered him to serve consecutive sentences. We affirmed the trial court's imposition of consecutive sentences, finding the trial court made the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporated those findings into its sentencing entry. *State v. Smith*, 5th Dist. Licking No. 2020 CA 61, 2021-Ohio-1562, ¶ 17.

**{¶8}** On September 10, 2021, Appellant filed a Motion for Post-Conviction Relief, in which he asserted his due process and equal protection rights were violated because

the state failed to present expert testimony or evidence of Appellant having committed the crimes for which he was convicted. Via Judgment Entry filed October 26, 2021, the trial court denied Appellant's petition. The trial court found the petition was untimely filed under R.C. 2953.21, and no statutory exceptions under R.C. 2953.23(A) applied. The trial court further found the issues Appellant raised therein were barred by the doctrine of res judicata.

{¶9} It is from this judgment entry Appellant appeals, raising the following assignments of error:


I. DEFENDANT WAS DENIED DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW WHEN THE PROSECUTOR CONTINUED TRIAL WITH NO EXPERT OR EVIDENCE OF DEFENDANT COMMITTING THE CRIME A VIOLATION AGAINST THE FOURTEENTH AMENDMENTS [SIC] TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

II. APPELLANT WAS DENIED DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW WHEN THE TRIAL COURT AND CLERK OF COURT WITHHELD A TIMELY APPLICATION FOR POSTCONVICTION, THUS FORCING IT TO BE UNTIMELY THIS IS A VIOLATION OF FUNDAMENTAL RIGHTS TO ACCESS THE COURTS AND BE HEARD, A VIOLATION AGAINST THE FOURTEENTH AMENDMENTS [SIC] TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

I

**{¶10}** In his first assignment of error, Appellant contends he was denied due process and equal protection of law because the state failed to present expert witness testimony as well as evidence he committed the crime.  Specifically, Appellant argues his due process rights were violated because "the trial court proceeded with trial without any accuser (victim)" present.  Brief of Appellant at 8.  Appellant adds, "The prosecutor interfered with the evidence and presented a case with no victims and there is no way [Appellant] could have protected himself against the true parties of the case."  *Id.* at 10.

**{¶11}** In this assignment of error, Appellant is ultimately challenging the manifest weight and sufficiency of the evidence.  In his first appeal to this Court, Appellant raised the following assignments of error:

I. THE TRIAL COURT ERRED BY BARRING SMITH FROM PRESENTING A COMPLETE DEFENSE, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION, AND HIS RIGHT TO A FAIR TRIAL, AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.

II. SMITH'S CONVICTIONS ARE BASED ON INSUFFICIENT EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE

FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES

CONSTITUTION AND SECTIONS 1 & 16 OF THE OHIO CONSTITUTION.

III. SMITH'S CONVICTIONS ARE AGAINST THE MANIFEST

WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS

CLAUSE OF FIFTH AND FOURTEENTH AMENDMENTS TO THE

UNITED STATES CONSTITUTION AND SECTIONS 1 & 16 OF THE OHIO

CONSTITUTION.

*State v. Smith*, supra at ¶¶13-15.

**{¶12}** It is well-settled, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post-conviction relief if he or she could have raised the issue on direct appeal." *State v. Elmore*, 5th Dist. Licking No. 2005–CA–32, 2005–Ohio–5940 (Citation omitted.) Under the doctrine of res judicata, a final judgment of conviction bars the defendant who was represented by counsel from raising and litigating in any proceedings, except an appeal from that judgment, any defense or claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). A defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996).

**{¶13}** Because Appellant raised these arguments on direct appeal, he is barred by the doctrine of res judicata from raising the issues raised in this assignment of error.

**{¶14}** Appellant's first assignment of error is overruled.

II

{¶15}  We find it is unnecessary to address Appellant's second assignment of error as such is rendered moot under the two-issue rule by our determination his petition was res judicata.

{¶16}  The judgment of the Licking County Court of Common Pleas is affirmed.


By: Hoffman, P.J.

Wise, John, J.  and

Baldwin, J. concur